Aziz v Anna Dev. LLC (2018 NY Slip Op 07235)





Aziz v Anna Dev. LLC


2018 NY Slip Op 07235


Decided on October 30, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2018

Acosta, P.J., Friedman, Kapnick, Webber, Moulton, JJ.


7500 29205/17E

[*1]Mohammed Aziz, Plaintiff-Appellant,
v
Anna Development LLC, et al., Defendants-Respondents.


Agulnick & Gogel, LLC, Great Neck (William A. Gogel of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for respondents.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered January 26, 2018, which granted in part defendants' motion to dismiss, unanimously affirmed, without costs.
Plaintiff Aziz commenced this action against defendants' Anna Development and Khaled, asserting causes of action for a declaratory judgment that he owned certain Bronx properties, to quiet title to those properties, to set aside the deeds to those properties, for unjust enrichment, and for a constructive trust. Aziz alleged that he and Khaled had entered into an oral agreement to purchase unspecified real property in the Bronx through Anna Development and that he financed the purchases in reliance on Khaled's promise to hold the properties in Anna Development's name for his benefit. Defendants moved to dismiss the complaint under CPLR 3211(a)(2), (5), and (7), and GOL § 5-703, arguing that the complaint failed to state a cause of action because any oral agreement regarding the properties was void under the statute of frauds.
We find that the motion court properly dismissed plaintiff's causes of action for a declaratory judgment, to quiet title, and to set aside the deeds, as barred by the statute of frauds because there was no writing evidencing plaintiff's ownership of the properties at issue. Contrary to plaintiff's argument, any alleged confidential and fiduciary relationship between he and defendant Khaled would not preclude the application of the statute of frauds to his causes of action for a declaratory judgment, to quiet title, and to set aside deeds.
While the doctrine of promissory estoppel may be an exception to the statute of frauds, under the facts of this case, the doctrine of promissory estoppel does not apply (Matter of Hennel, 29 NY3d 487, 494 [2017]). Further, plaintiff has not shown that any other exception to the statute of frauds applies.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 30, 2018
CLERK